**WO**

IN THE DISTRICT COURT OF ARIZONA

STATE OF ARIZONA

Michael R. Turney

    Plaintiff,

v.

Secretary of Labor, Elaine Choa

    Defendant

Case No.: CV 05-2730

ORDER

Pending before the Court is the Plaintiff's Motion for Defendant to Stop Obstruction of Justice (doc. 16), the Defendant's Motion to Strike (doc. 17), and the Plaintiff's Motion to Exceed Limits Set Forth in Local Rule 7.2 (doc. 19). The Court now rules on the motions.

I.    BACKGROUND

On September 8, 2005, Michael R. Turney ("the Plaintiff"), appearing *pro se*, filed a Complaint in this Court against Secretary of Labor Elaine Choa ("the Defendant"). The claims in the Plaintiff's Complaint arise from the Defendant's alleged failure to release certain documents relevant to the Plaintiff's claim for benefits during a workers' compensation proceeding.

On December 13, 2005, the Defendant filed a Motion to Dismiss the Plaintiff's Complaint. The Defendant alleges that Plaintiff's claims must all be dismissed because: (1) the Defendant is immune from suit; (2) the doctrine of *res judicata* bars litigation of certain

claims that were, or could have been adjudicated in a prior proceeding; and (3) the "Tucker Act" and "Declaratory Judgment Act" claims fail to state cognizable legal claims. The Defendant attached exhibits including court documents from a prior court proceeding, and documents related to the Plaintiff's workers' compensation proceeding. On December 19, 2005, the Plaintiff filed his Response to the Motion to Dismiss. The Plaintiff also attached exhibits related to the workers' compensation proceeding to his Response.

On April 19, 2006, the Plaintiff filed a document titled "Declaratory Judgment Additional Evidence." The Clerk of the Court entered this document (doc. 16) on the Court's docket as a "Motion for the Defendant to Stop Obstruction of Justice." On April 21, 2006, the Plaintiff filed a Motion to Strike. The Motion to Strike alleges that doc. 16 should be stricken because it raises matters outside the scope of this proceeding, and fails to comply with Local Rule 7.2.

The Plaintiff filed a Response to the Motion to Strike on April 25, 2006. The Plaintiff's Response alleges that doc. 16 provides the Court with evidence that was not available to the Plaintiff at the time that he filed his Complaint. That same day, the Plaintiff filed a Motion to Exceed the Limits Set forth in Local Rule 7.2. The Plaintiff argues that he obtained evidence after filing his Complaint and that the Court should allow him to exceed the limits set forth in Local Rule 7.2 because the exhibits provided with doc. 16 are relevant to, or set the stage for, "future discovery."

II. LEGAL ANALYSIS AND CONCLUSION

The Plaintiff, it appears, misunderstands the arguments presented in the Plaintiff's Motion to Strike. Local Rule 7.2 governs the form of motions that are filed before this Court. Doc. 16 does not comply with any of this Court's rules regarding motions, in fact, it is nearly impossible for the Court to ascertain whether the document is some kind of motion, or merely an attempt to place exhibits into the record prior to trial.

Doc. 16 is titled "Declaratory Judgment Additional Evidence," and contains various attached exhibits. The document itself suggests that the Plaintiff believes the exhibits are related to the Plaintiff's claim for declaratory and/or injunctive relief. However, it is unclear to this Court whether the Plaintiff is attempting to: (a) submit exhibits that he believes are relevant to the motion to dismiss; (b) submit exhibits that he believes are relevant to discovery; (c) submit exhibits he intends to rely upon at trial; or (d) amend his Complaint and/or bring an additional claim for injunctive/declaratory relief. Regardless of which it is, this document is not the proper means of seeking any of these forms of relief.

The Plaintiff already Responded to the Defendant's Motion to Dismiss, including attaching the exhibits in support of his claims for relief. The Plaintiff has not alleged that the information contained within the exhibits attached to doc. 16 was not available to him when he filed his Response to the Motion to Dismiss. In fact, the exhibits (correspondence from the Department of Labor and medical records) are all dated prior to the date that the Plaintiff filed his opposition to the Motion to Dismiss.

The exhibits, in any event, do not appear to be relevant to the issues raised in the Motion to Dismiss. The Plaintiff should not be filing documents disclosed in routine discovery with this Court, and now is certainly not the time to submit exhibits for trial. Additionally, the Plaintiff cannot amend his Complaint or change his claims for declaratory and/or injunctive relief merely by submitting a document entitled "Declaratory Judgment Additional Evidence," with exhibits attached. The Court agrees with the Plaintiff that this document is wholly irrelevant to the issues presently before the Court.

Although the Plaintiff in this case is appearing without counsel, he is still charged with following all of the applicable rules of procedure, including the local rules, and this Court's prior Orders. The Defendant's Motion to Strike is granted, without prejudice to the Plaintiff to re-submit the attached exhibits if he can do so at a time, and in a manner, that it

is appropriate and follows the applicable rules of procedure. If the Plaintiff intends to file motions with this Court, he must not only follow the appropriate rules of procedure, he must tell the Court what relief he is requesting, and cite to the relevant legal authority(s) providing the grounds for the requested relief.

Accordingly,

IT IS ORDERED GRANTING the Defendant's Motion to Strike (doc. 17).

IT IS ORDERED STRIKING the Plaintiff's Motion for Defendant to Stop Obstruction of Justice (doc. 16).

IT IS FURTHER ORDERED DENYING the Plaintiff's Motion to Exceed Limits Set Forth in Local Rule 7.2 (doc. 19).

IT IS FURTHER ORDERED the Clerk of the Court shall STRIKE doc. 16, titled "Declaratory Judgment Additional Evidence" and docketed as the Plaintiff's "Motion for Defendant to Stop Obstruction of Justice."

DATED this 11th day of May, 2006.

James A. Teilborg
United States District Judge